UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WALTER HOSKINS, III, ) | CASE NO. 4:13 CV 1632 |
| ) | |
| Petitioner, ) | JUDGE JOHN R. ADAMS |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| JOE COAKLEY, ) | |
| ) | |
| Respondent. ) | |

*Pro se* petitioner Walter Hoskins, III filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. Hoskins was convicted in January 2006 in the United States District Court for the Northern District of Iowa on charges of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e). He was identified as an armed career criminal and was subject to a sentencing enhancement pursuant to 18 U.S.C. § 924(e). Hoskins contends his enhanced sentence is contrary to the United States Supreme Court's recent opinions in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and *Descamps v. United States*, 133 S.Ct. 2276 (2013). He requests that his entire conviction be vacated. In the alternative, Hoskins asks that the enhancement be removed, and that he be immediately released from prison.

Petitioner also filed an application to proceed *in forma pauperis*. That application is granted.

**I.     Background**

Hoskins does not provide many factual allegations in his petition. He indicates he was

indicted in the United States District Court for the Northern District of Iowa on charges of being a felon in possession of a firearm. *See United States v. Hoskins*, No. 6:05-cr-02035-LRR-1 (N.D. Iowa indict. filed October 27, 2005)(Reade, J.). At the time of his arrest, Hoskins was on parole for three state drug offenses.[1] Hoskins was found guilty of the charge on January 31, 2006. Based on his prior drug convictions, Hoskins's presentence report identified him as an armed career criminal which subjected him to a sentencing enhancement. He was sentenced on July 28, 2006 to 235 months in prison and five years of supervised release. This sentence was ordered to be served consecutive to Hoskins's undischarged terms of imprisonment for his three state court convictions.

Hoskins, through counsel, filed an appeal of his conviction and sentence to the United States Eighth Circuit Court of Appeals. Counsel later withdrew and submitted an Anders brief. The Eighth Circuit affirmed his conviction on November 30, 2007.

Hoskins filed a *pro se* motion to vacate sentence under 28 U.S.C. § 2255 on June 25, 2008. The district court denied his motion and denied him a certificate of appealability on May 2, 2011. He appealed that decision and the Eighth Circuit also denied his a certificate of appealability.

Hoskins then filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Central District of Illinois. He does not specify the grounds he asserted in that petition. The court denied that petition on February 15, 2013.

---

[1] The indictment identified a 1991 conviction in Black Hawk, Iowa on two counts of delivery of a controlled substance; his conviction in 1996 for possession of a controlled substance with the intent to deliver and failure to affix a drug tax stamp; and his conviction in 1997 for possession of a controlled substance with intent to deliver.

Hoskins has now filed a second petition for a writ of habeas corpus under 28 U.S.C. § 2241 in this court. In this petition, he alleges that his sentence enhancement was contrary to the Supreme Court's recent decisions in *Alleyne* and *Descamps*. He first asserts that the Supreme Court in *Descamps* held that when determining if a state criminal statute may qualify as a violent offense under the Armed Career Criminal Act ("ACCA"), the district court cannot apply a modified categorical approach to its analysis if the statute is not divisible but rather contains only one set of elements. Hoskins asserts without explanation that state criminal statutes with a single set of elements can therefore never constitute predicate offenses for the ACCA.

Hoskins also asserts that the Supreme Court in *Alleyne* required a jury to determine all elements of his enhancement. He argues that the ACCA defines a "serious drug offense" as one that is punishable by a maximum sentence of ten or more years in prison. He claims the jury did not specify which of his prior convictions carried maximum sentences of ten or more years. He claims that *Alleyne* requires the ACCA enhancement to be removed.

**II.     Standard of Review**

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Hoskins is appearing *pro se*, the allegations in his petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the petition at any time, or make any

such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

Moreover, petitions under 28 U.S.C. § 2241 may only be used by a federal prisoner seeking to challenge the execution or manner in which his sentence is served. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). Federal prisoners seeking to challenge their convictions or imposition of their sentences must pursue relief under 28 U.S.C. § 2255. *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979), The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Section 2241 contains a "safety valve" provision which permits a federal prisoner to challenge his conviction or the imposition of his sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997). It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. *See e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999)(per curiam). The § 2255 remedy is not considered inadequate or ineffective, moreover, simply because § 2255 relief has already been denied, *see e.g., In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988), or because the petitioner is procedurally barred from pursuing relief under § 2255. *See In re Vial*,

115 F.3d 1192, 1194 n. 5 (4th Cir. 1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C. Cir. 1986), or because the petitioner has been denied permission to file a second or successive motion to vacate, *see In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998).

In fact, to fit within any arguable construction of the savings clause, a petitioner must show an intervening change in the law that establishes his actual innocence. *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001). A valid assertion of actual innocence is more than a belated declaration that the prisoner does not believe his sentence is valid. Actual innocence suggests an intervening change in the law establishes a prisoner's actual innocence of a crime. *See Martin v. Perez*, 319 F.3d 799, 804 (6th Cir.2003); *Peterman*, 249 F.3d at 462. Secondly, "actual innocence means factual innocence, rather than mere legal insufficiency." *Martin*, 319 F.3d at 804 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). In other words, Petitioner must point to a decision holding a substantive criminal statute no longer reaches certain conduct, i.e, that he stands convicted of "an act that the law does not make criminal." *Bousely*, 523 U.S. at 620 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). *See, e.g., Bailey v. United States*, 516 U.S. 137 (prisoners convicted of "using" a firearm during a drug crime or violent crime found themselves innocent when Supreme Court redefined "use" in a restrictive manner).

### III.     Analysis

Hoskins asserts that the United States Supreme Court's decisions in *Descamps* and *Alleyne* render his sentencing enhancement under the ACCA invalid. These claims challenge Hoskin's actual sentence, not merely the manner in which it is carried out, and therefore they can only be brought in a § 2241 petition if the safety valve provision is applicable. Hoskins must

therefore demonstrate that the decisions in *Descamps* and *Alleyne* were applied retroactively to cases which became final after appeal, and that these decisions render him actually innocent of the crime for which he was convicted, being a felon in possession of a firearm. Hoskins has not met either of these requirements.

 **A**. ***Descamps***

Hoskins first asserts that *Descamps* dictates that criminal statutes which contain a single set of elements to define the crime can never be used as predicate offenses for the Armed Career Criminal Act. He, however, misreads the *Descamps* opinion. *Descamps* clarified existing law concerning the procedure that federal district courts must follow when determining whether a defendant's prior conviction qualifies as a violent felony under the ACCA. The ACCA specifically defines a "violent felony" to include "burglary, arson, or extortion.[2] To determine

---

[2] The ACCA, 18 U.S.C. § 924 provides in pertinent part:

> (e)(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).
>
> (2) As used in this subsection--
>
>      \* \* \*
>
> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--

                (continued...)

-6-

whether a state criminal conviction falls within the parameters of "burglary, arson, or extortion," the district court compared the elements of the state crime to the elements of the generic offense of burglary, arson, or extortion as those are commonly understood. *Descamps*, 133 S. Ct. at 2282. The state statute will qualify as a predicate offense under the ACCA only if its elements are the same as, or narrower than, the generic offense under the ACCA. *Id.* This analysis is called the "categorical approach." *Id.*

Some state criminal statutes are divisible, meaning that they set out one or more elements of the offense in the alternative. For example, a state burglary statute could define the crime as entry into a building or, in the alternative, entry into an automobile. If one alternative matches the elements of the generic offense under the ACCA (for example, the building), but the other alternative does not (for example, the automobile), the district court conducting sentencing must use a "modified categorical approach" which permits that court to consult a limited class of documents, such as the indictment, to determine which alternative formed the basis of the defendant's prior conviction. If the crime of conviction was for the alternative that matched the elements of the generic offense, it can be used as a predicate offense under the ACCA. If, however, the crime of conviction was for the alternative that did not match the element of the generic offense, the ACCA enhancement would not apply.

---

²(...continued)

        (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

        (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another;

In *Descamps*, the defendant was convicted of possession of a firearm by a convicted felon and sentenced under the "residual clause" of the ACCA, based in part upon his prior burglary conviction under California law  The California burglary statute did not contain alternative elements and therefore, the district court applied a categorical approach to compare the elements of the California statute and the elements of the generic statute under the ACCA.  When conducting this analysis, the court realized that the California statute did not include an element of the generic crime of burglary because it did not require that a burglar "enter or remain unlawfully in a building." Due to this discrepancy, the California burglary statute not only covered conduct which fell within the parameters of the elements of the generic offense, but is also applied to conduct like shoplifting which is not contemplated as burglary under the generic definition.  *Id.*  The district court then conducted a modified categorical approach and examined documents to determine if the defendant's prior conviction involved behavior which would fit within the generic definition of burglary or if his offense was akin to shoplifting which would not be classified as burglary.  *Id.*  The Supreme Court held that federal sentencing courts may not apply the "modified categorical approach" to sentencing under ACCA's "residual clause" when the state crime of which the defendant was convicted has a single, indivisible set of elements (meaning, the statute did not contain alternative elements).  *Id.* at 2281–82.

Hoskins gives no indication of how the *Descamp*s opinion applies to his case.  Contrary to his reading, *Descamp*s does not hold that conviction under state statutes with a single set of elements can never be used as predicate offenses under the ACCA.  Hoskins was found to be an armed career criminal under the "serious drug offense" provision which defines the term "serious drug offense" as an offense under state law, involving manufacturing, distributing, or possessing

with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law. 18 U.S.C. § 924(e)(2)(A)(ii). His designation as an armed career criminal was not based on the violent offender provisions of the statute, and Hoskins does not allege that a modified categorical approach was used by the sentencing court to determine if his crimes qualified as serious drug offenses. He does not allege whether the drug offenses of which he was convicted contained a single set of elements of alternative elements in which one element would not qualify under the generic statutory definition under the ACCA. Simply stated, Hoskins does not demonstrate that *Descamps* is relevant to this case.

In addition, there is no suggestion that the Supreme Court intended *Descamps* to be applied retroactively to cases which already became final after appeals. The Supreme Court has clearly stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001). The Supreme Court has not declared its decision in *Descamps* to be retroactively applicable on collateral review. Therefore, even if Hoskins had demonstrated that *Descamps* was applicable to his case, that decision does not open § 2241 review of his claim under the savings clause of § 2255(e).

### B. *Alleyne*

Hoskins also asserts that the jury failed to find that his three state convictions for drug offenses carried a maximum penalty of ten or more years. He reasons that the maximum penalty is an element of the ACCA, and therefore under *Alleyne* his sentencing enhancement is invalid.

Alleyne was convicted by a jury of using or carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), a violation subject to a mandatory minimum

-9-

five years incarceration. *Alleyne*, 133 S. Ct. at 2156. At sentencing, however, over Alleyne's objection, the judge found that Alleyne had "brandished" a firearm, raising his mandatory minimum sentence to seven years under the applicable statute.[3] *Id*. The trial court determined that, under *Harris v. United States*, 536 U.S. 545 (2002), brandishing was a sentencing factor, which the court could find without violating Alleyne's Sixth Amendment right to a jury trial. *Id.* The court of appeals affirmed, and Alleyne petitioned for a writ of habeas corpus, arguing that *Harris* could not be reconciled with the rule in *Apprendi v. New Jersey*, 530 U.S. 466, 478 (2000), which held that any "facts that increase the prescribed range of penalties to which a criminal defendant is exposed' are elements of the crime [,]" which must be proved to a jury. *Apprendi*, 530 U.S. at 478.

The Supreme Court agreed with Alleyne, holding that any fact that increases a mandatory minimum sentence for a crime is an "element" of the crime, not a "sentencing factor," that must be found by a jury. *Alleyne*, 133 S. Ct. at 2162-63. In doing so, the Court overruled *Harris*, which limited *Apprendi* to facts increasing the statutory maximum, concluding that mandatory minimum sentences increase the penalty for a crime, and that the facts used to enhance a sentence are offense elements "that must be submitted to the jury and found beyond a reasonable doubt" before an enhanced mandatory minimum sentence can be imposed. *Id*. Thus, the Court

---

[3] Section 924(c)(1)(A) provides, in relevant part, that anyone who "uses or carries a firearm" in relation to a "crime of violence" shall:
 (i) be sentenced to a term of imprisonment of not less than 5 years;
 (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
 (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

-10-

held that the district court erred when it imposed a seven-year mandatory minimum sentence on Alleyne, because the jury had not found the fact—brandishing—supporting the mandatory minimum beyond a reasonable doubt. *Id.*

Again, Hoskins has not demonstrated that *Alleyne* is applicable to the facts set forth in this case. He argues that while his federal indictment identified the three state convictions which would be used to determine that he was an armed career criminal under the ACCA, the jury did not find that the state statutes under which he was convicted carried a maximum penalty of ten or more years imprisonment. This information is not a question of fact, but rather a question of law. Hoskins was convicted under specific state statutes and the maximum penalties for those violations can be found in the statutes themselves. Their maximum sentences are not subject to interpretation by a jury.

Moreover, *Alleyne* neither supports Hoskins's claim of "actual innocence," nor does that decision aid him in demonstrating that his remedy under § 2255 was inadequate or ineffective. *Alleyne* is not an intervening change in the law that decriminalizes the acts which form the basis of Hoskins's conviction. He does not assert he is actually innocent of his federal offenses, rather he claims the sentencing enhancement was added without sufficient supporting documentation in contradiction to the rule announced in *Alleyne*. The savings clause may only be applied when the petitioner makes a claim of actual innocence. *Alleyne* is a sentencing-error case, and claims of sentencing error may not serve as the basis for an actual innocence claim. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003) (holding *Apprendi* could not be basis for actual innocence claim). *Alleyne*, like *Apprendi* before it, "does not bear on whether a defendant is innocent of a crime, but merely limits the potential punishment for it." *Carter v. Coakley*, No.

4:13 CV 1270, 2013 WL 3365139 (N.D. Ohio July 3, 2013). Hoskins cannot assert his claim in a § 2241 petition.

### IV. Conclusion

Accordingly, Hoskins's application to proceed *in forma pauperis* is granted and the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: January 22, 2014      */s/ John R. Adams*
                            JOHN R. ADAMS
                            UNITED STATES DISTRICT JUDGE